IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSHUA L. STEWART,<br><br>*Petitioner*,<br><br>v.<br><br>KEVIN KAUFFMAN, THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, and DISTRICT ATTORNEY OF MERCER COUNTY,<br><br>*Respondents*. | Civil Action No. 2:21-cv-458<br><br>Hon. William S. Stickman IV<br>Hon. Maureen P. Kelly |

### ORDER OF COURT

AND NOW, this **25** day of November 2024, after Petitioner Joshua L. Stewart filed a timely Petition for Writ of Habeas Corpus (ECF No. 4), and after a thorough Report and Recommendation was filed by Magistrate Judge Maureen P. Kelly recommending the denial of Petitioner's claim and the denial of a certificate of appealability (ECF No. 26), and having received Petitioner's Objections (ECF No. 29) and conducting its independent *de novo* review of the entire record, the Court hereby ADOPTS Magistrate Judge Kelly's Report and Recommendation as its Opinion. It concurs with her thorough legal analysis of Petitioner's claim, her legal conclusions, and her recommendations. It has independently reached the same conclusions.

On September 17, 2013, Petitioner was convicted by a jury in the Court of Common Pleas of Mercer County, Pennsylvania of first degree murder, second degree murder, two counts of robbery, and two counts of conspiracy at Docket No. CP-CR-0000122-2012. (ECF No. 16-4). On September 26, 2013, he was sentenced to two concurrent life terms for each murder

conviction as well as a concurrent 20 to 40 years of imprisonment for the robbery and conspiracy convictions. (ECF No. 16-5). As a result of proceedings under the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-9546, his sentence was amended on August 22, 2019. (ECF No. 16-23). The life sentence he received for the second degree murder conviction was vacated as it merged with the life sentence for first degree murder. (*Id.* at 27).

In his Petition for Writ of Habeas Corpus, Petitioner claims that his trial counsel was ineffective for failing to investigate and impeach Tylor Kalenic's ("Kalenic") trial testimony that he was able to view Petitioner murder the victim from his back kitchen window.[1] (ECF No. 4, p. 5). The Superior Court of Pennsylvania applied Pennsylvania's three-part ineffective assistance of counsel test to this claim,[2] which Petitioner brought in a timely appeal at Docket No. 1454 WDA 2019 after the denial of PCRA relief in the trial/PCRA court. The Superior Court of Pennsylvania affirmed the trial/PCRA court and found that Petitioner was not entitled to relief. (ECF Nos. 16-23, 16-27, and 16-30). The Pennsylvania Supreme Court denied the Petition for Allowance of Appeal that Petitioner filed at Docket No. 256 WAL 2020. (ECF Nos. 16-32 and 16-33).

The Court concurs with Magistrate Judge Kelly that, "[a] review of the record indicates that this conclusion [by the Superior Court of Pennsylvania] was neither contrary to, or an unreasonable application of *Strickland*, nor based on an unreasonable factual determination."

---

[1] The federal law at issue in this habeas proceeding is the effective assistance of counsel standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).

[2] The test is set forth in *Commonwealth v. Pierce*, 527 A.2d 973 (Pa. 1987). To establish ineffective assistance of counsel, a petitioner must demonstrate that: (1) his underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or inactions; and (3) he suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error. The United States Court of Appeals for the Third Circuit has found this test not to be contrary to *Strickland*. *Werts v. Vaughn*, 228 F.3d 178, 204 (3d Cir. 2000).

(ECF No. 26, p. 17). For the reasons set forth by Magistrate Judge Kelly, "Petitioner has failed to meet his burden under Section 2254(d)(1) and (d)(2) because he has not demonstrated that the Superior Court's determination that Petitioner suffered no prejudice due to trial counsel's failure to investigate or impeach Kalenic's testimony was contrary to, or an unreasonable application of *Strickland*, or an unreasonable determination of the facts." (*Id*. at 19).

The Court hereby OVERRULES Petitioner's Objections (ECF No. 29).

IT IS HEREBY ORDERED that Petitioner's Writ of Habeas Corpus (ECF No. 4) is DENIED.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED. Reasonable jurists would not find the Court's conclusion – i.e., that Petitioner has not shown his entitlement to relief, to be debatable in its correctness.[3]

IT IS FINALLY ORDERED that, pursuant to Federal Rule of Appellate Procedure 4(a)(1), if Petitioner desires to appeal from this Order, he must do so within thirty (30) days by filing a notice of appeal as provided in Federal Rule of Appellate Procedure 3.

---

[3] A certificate of appealability may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). On the other hand, when a district court has rejected a constitutional claim on its merits, a petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong, a demonstration that [ ] includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (citation omitted).

The Clerk is directed to mark this CASE CLOSED.

BY THE COURT:

_____
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE